**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOE LOUIS COLEMAN, 03-B-1996,**

                **Plaintiff,**            04-CV-0761A(Sr)

**v.**

**SERGEANT RENOLDS, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #24.

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #71.

There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that he requires assistance of counsel because his fingers get numb, his wrist is "painful and gives out," his back condition makes it difficult

for him to walk to the law library, he cannot sit or stand for a prolonged period, and he is very stressed.  Dkt. #68 & 71.  However, the Court is not persuaded that plaintiff's physical condition prevents him from presenting his claim to the Court.  To the contrary, plaintiff has demonstrated sufficient ability to present the relevant facts of his case to the Court.  Moreover, the facts and issues in this case, *to wit*, whether plaintiff was denied adequate medical care during his incarceration at the Erie County Holding Center, are not complex.  Dkt. #10 & 11.  Thus, plaintiff has not established at this point in the litigation that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel (Dkt. # 68 & 71), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
December 4, 2007

S/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**