UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOE LOUIS COLEMAN, 03-B-1996,

                              Plaintiff,                  04-CV-0761A(Sr)

v.

SERGEANT RENOLDS, et al.,

                              Defendants.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #24.

Currently before the Court is plaintiff's motion to reinstate his complaint in *Coleman v. Niki*, 00-CV-1032A(Sr). Dkt. #116. In support of his motion, which was dated June 19, 2008 and filed December 29, 2008, plaintiff states that defendants withheld his legal mail while he was at the holding center on May 14, 2003, thereby preventing his request for reconsideration from being considered by the Court. Dkt. #116. Plaintiff attached to his motion copies of a letter from the Clerk of the Court, dated May 14, 2003, advising him that his Request for Reconsideration could not be filed because it lacked an original signature. Dkt. #116, p.5. Plaintiff states that he signed the Request for Reconsideration on May 14, 2003, but claims that the defendants failed to mail it. Dkt. #116, p.2. Plaintiff also attached a copy of a letter from the Clerk of the

Court, dated May 22, 2003, advising that the Request for Reconsideration had been received, but couldn't be filed because his case was closed. Dkt. #116, p.6.

*Coleman v. Niki*, 00-CV-1032A(Sr), was dismissed for failure to prosecute by Order of Chief Judge Arcara dated February 19, 2003. 00-CV-1032A(Sr) at Dkt. #39. This Order was entered following this Court's Report, Recommendation and Order to dismiss the action for failure to prosecute. 00-CV-1032A(Sr) at Dkt. #38. Despite the letter from the Clerk of the Court suggesting that plaintiff's request for reconsideration would not be considered, Chief Judge Arcara addressed, but denied, plaintiff's motion for reconsideration of the dismissal by Order dated June 11, 2003. Dkt. #42. There is no basis for this Court to reconsider that decision nor is there any opportunity for plaintiff to allege a claim of interference with access to the courts, as the statute of limitations has long run on any such claim.

Plaintiff also seeks reconsideration of the Memorandum and Order of the Hon. John T. Elfvin, dated June 20, 2005, directing service of plaintiff's amended complaint but dismissing plaintiff's allegations relating to December 12, 2003 because plaintiff was not in the custody of the Erie County Holding Center on that date. Dkt. #11, p.2. Plaintiff states that he recently reviewed that Memorandum and Order and discovered that the date of the claim was incorrect – it should have been December 12, 2002, not December 12, 2003. Dkt. #116, p.2. However, the Court subsequently granted plaintiff's request to file a second amended complaint which appears to raise the same factual allegations asserted in the amended complaint, *to wit*, ignoring medical request slips, failing to administer appropriate pain medication, and generally providing

inadequate medical treatment, but alleging that these incidents occurred during 2002. Dkt. ## 83 & 84. As plaintiff has alleged in his second amended complaint the same facts he complains were mistakenly dismissed by Judge Elfvin's Memorandum and Order, this aspect of plaintiff's motion is moot.

Therefore, plaintiff's motion (Dkt. #116), to reinstate his complaint in *Coleman v. Niki*, 00-CV-1032A(Sr), and to reconsider Judge Elfvin's Memorandum and Order dated June 20, 2005, is denied.

**SO ORDERED.**

DATED: Buffalo, New York
May 28, 2009

   **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**